## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Case No. 1:18-cv-02260 |

## <u>ANSWER</u>

The U.S. Environmental Protection Agency (EPA), and the Acting Administrator of the EPA, Andrew Wheeler, (together, EPA), answer Plaintiffs' complaint for declaratory and injunctive relief as follows:

## INTRODUCTION[1]

1.    The allegations in Paragraph 1 characterize Plaintiffs' complaint, which speaks for itself and is the best evidence of its contents.

2.    EPA admits the allegations in the first sentence of Paragraph 2. The allegations in the second and third sentence of Paragraph 2 are vague and ambiguous, and EPA lacks sufficient information to admit or deny them.

3.    The allegations in Paragraph 3 are vague and ambiguous, and EPA lacks sufficient information to admit or deny them.

---

[1]Headings are reproduced throughout for ease of reference, and do not constitute an admission.

4.      The allegations in Paragraph 4 are vague and ambiguous, and EPA lacks
        sufficient information to admit or deny them.

5.      The allegations in Paragraph 5 characterize the Emergency Planning and
        Community Right to Know Act (EPCRA), which speaks for itself and is the best
        evidence of its contents.

6.      EPA denies the allegations in Paragraph 6.

7.      The allegation in Paragraph 7 characterizes EPA's 2008 rule entitled,
        CERCLA/EPCRA Administrative Reporting Exemption for Air Releases of
        Hazardous Substances from Animal Waste at Farms (2008 CERCLA/EPCRA
        Rule), which speaks for itself and is the best evidence of its contents.

8.      The allegations in Paragraph 8 characterize the decision captioned, *Waterkeeper
        Alliance v. EPA*, 853 F.3d 527 (D.C. Cir. 2017), which speaks for itself and is the
        best evidence of its contents.

9.      EPA denies in the allegations in the first sentence of Paragraph 9. The allegations
        in the second sentence of Paragraph 9 characterize two of EPA's guidance
        documents. The first is entitled, "EPA, CERCLA and EPCRA Reporting
        Requirements for Air Releases of Hazardous Substances from Animal Waste at
        Farms," and the second is entitled, "How do the reporting requirements in
        EPCRA Section 304 apply to farms engaged in 'routine agricultural operations'?"
        (Routine Agricultural Operations guidance). These guidance documents speak for
        themselves and are the best evidence of their contents.

10.     The allegations in the first sentence of Paragraph 10 characterize two different
        guidance documents: the Routine Agricultural Operations guidance, and a second

guidance document entitled, "How does the Fair Agricultural Reporting Method

(FARM) Act impact reporting of air emissions from animal waste under

CERCLA Section 103 and EPCRA Section 304?" (FARM Act guidance). These

guidance documents speak for themselves and are the best evidence of their

contents. EPA denies the allegation in the second sentence of Paragraph 10 that

these two guidance documents are a single agency action—the so-called,

"EPCRA exemption"; rather, each guidance document is a distinct agency action

with its own administrative record.[2]

11.     EPA lacks knowledge and information sufficient to admit or deny the allegations

in Paragraph 11.

12.     EPA lacks knowledge and information sufficient to admit or deny the allegations

in Paragraph 12.

13.     The allegations in Paragraph 13 state a legal conclusion to which no response is

required.

14.     The allegations in the first sentence of Paragraph 14 state a legal conclusion to

which no response is required. EPA admits the allegations in the second sentence

of Paragraph 14, and subparagraphs (a)-(e), that a proposed rule addressing

emissions from farms under EPCRA had not been published or finalized by the

date Plaintiffs filed their complaint. EPA notes that proposed rule entitled

"Amendment to Emergency Release Notification Regulations on Reporting

---

[2] Throughout the complaint, Plaintiffs refer to the Routine Agricultural Operations guidance and the FARM Act guidance together as the "EPCRA exemption." As stated above, these guidance documents are not a single agency action, but two separate agency actions. To avoid unnecessary repetition, EPA denies all allegations in the following paragraphs that refer to these separate guidance documents as a single "EPCRA exemption."

Exemption for Air Emissions from Animal Waste at Farms; Emergency Planning and Community Right to Know Act" was signed on October 30, 2018, and published in the Federal Register on November 14, 2018.

15. The allegations in Paragraph 15 characterize the Plaintiffs' complaint, which speaks for itself and is the best evidence of its contents.

## JURISDICTION AND VENUE

16. The allegations in Paragraph 16 state a legal conclusion to which no response is required.

17. The allegations in Paragraph 17 state a legal conclusion to which no response is required.

18. The allegations in Paragraph 18 state a legal conclusion to which no response is required.

19. The allegations in Paragraph 19 state legal conclusions to which no response is required.

20. The allegations in Paragraph 20 state a legal conclusion to which no response is required.

## PARTIES

21. EPA lacks information sufficient to admit or deny the allegations in Paragraph 21.

22. EPA lacks information sufficient to admit or deny the allegations in Paragraph 22.

23. EPA lacks information sufficient to admit or deny the allegations in Paragraph 23.

24. EPA lacks information sufficient to admit or deny the allegations in Paragraph 24.

25. EPA lacks information sufficient to admit or deny the allegations in Paragraph 25.

26. EPA lacks information sufficient to admit or deny the allegations in Paragraph 26.

27.   EPA lacks information sufficient to admit or deny the allegations in Paragraph 27.

28.   EPA lacks information sufficient to admit or deny the allegations in Paragraph 28.

29.   EPA lacks information sufficient to admit or deny the allegations in Paragraph 29.

30.   EPA lacks information sufficient to admit or deny the allegations in Paragraph 30.

31.   EPA lacks information sufficient to admit or deny the allegations in Paragraph 31.

32.   EPA lacks information sufficient to admit or deny the allegations in Paragraph 32.

33.   EPA lacks information sufficient to admit or deny the allegations in Paragraph 33.

34.   EPA lacks information sufficient to admit or deny the allegation in Paragraph 34.

35.   EPA denies the allegations in the first sentence of Paragraph 35. EPA admits the allegation in the second sentence of Paragraph 35. EPA denies the allegations in the third sentence of Paragraph 35.

36.   EPA lacks information sufficient to admit or deny the allegations in the first sentence of Paragraph 36. The allegations in the second sentence of Paragraph 36 characterizes a publication identified therein, which speaks for itself and is the best evidence of its contents. EPA denies the allegation in the third sentence of Paragraph 36.

37.   The allegations in in the first sentence of Paragraph 37 characterize EPCRA and EPA's regulations, which speak for themselves and are the best evidence of their contents. EPA lacks information sufficient to admit or deny the allegation in the second sentence of Paragraph 37.

38.   The allegations in the first sentence of Paragraph 38 state a legal conclusion to which no response is required. EPA lacks information sufficient to admit or deny the allegation in the second sentence of Paragraph 38.

39.     The allegation in Paragraph 39 states a legal conclusion to which no response is
        required. Further, EPA lacks information sufficient to admit or deny the allegation
        in Paragraph 39.

40.     The allegations in Paragraph 40 characterize EPA's role in administering EPCRA
        and EPA's regulations. EPCRA and EPA's regulations speak for themselves and
        are the best evidence of their contents.

41.     EPA admits the allegations in Paragraph 41.

## FACTUAL BACKGROUND

42.     The allegations in Paragraph 42 characterize publications identified therein, which
        speak for themselves and are the best evidence of their contents.

43.     The allegations in Paragraph 43 characterize publications identified therein, which
        speak for themselves and are the best evidence of their contents.

44.     The allegations in Paragraph 44 characterize publications identified therein, which
        speak for themselves and are the best evidence of their contents.

45.     The allegations in Paragraph 45 characterize publications identified therein, which
        speak for themselves and are the best evidence of their contents.

46.     The allegations in Paragraph 46 characterize publications identified therein, which
        speak for themselves and are the best evidence of their contents.

47.     The allegations in Paragraph 47 characterize publications identified therein, which
        speak for themselves and are the best evidence of their contents.

48.     The allegations in Paragraph 48 characterize EPA's 2008 CERCLA/EPCRA Rule,
        and EPA's response to comment document for that rule, which speak for
        themselves and are the best evidence of their contents.

49.     The allegations in Paragraph 49 state a legal conclusion to which no response is
        required.

50.     The allegation in Paragraph 50 characterizes *Waterkeeper Alliance v. EPA*, 853
        F.3d 527 (D.C. Cir. 2017), which speaks for itself and is the best evidence of its
        contents.

## LEGAL BACKGROUND

### I.      The Emergency Planning and Community Right-to-Know Act

51.     The allegations in Paragraph 51 characterize EPCRA, which speaks for itself and
        is the best evidence of its contents.

52.     The allegations in Paragraph 52 characterize EPCRA, which speaks for itself and
        is the best evidence of its contents.

53.     The allegations in Paragraph 53 characterize EPCRA, which speaks for itself and
        is the best evidence of its contents.

54.     The allegation in Paragraph 54 characterizes EPCRA, which speaks for itself and
        is the best evidence of its contents.

55.     The allegations in Paragraph 55 characterize EPCRA, which speaks for itself and
        is the best evidence of its contents.

56.     The allegations in Paragraph 56 characterize the Comprehensive Environmental
        Response, Compensation, and Liability Act (CERCLA), which speaks for itself
        and is the best evidence of its contents.

57.     The allegations in Paragraph 57 characterize CERCLA and EPCRA, which speak
        for themselves and are the best evidence of their contents.

58.     The allegations in Paragraph 58 characterize EPA's regulations, which speak for themselves and are the best evidence of their contents.

59.     The allegations in Paragraph 59 characterize EPA's regulation, which speaks for itself and is the best evidence of its contents.

60.     The allegations in Paragraph 60 quote and characterize EPCRA, which speaks for itself and is the best evidence of its contents.

61.     The allegations in Paragraph 61 quote and characterize EPCRA, which speaks for itself and is the best evidence of its contents.

62.     The allegations in Paragraph 62 quote and characterize EPCRA, which speaks for itself and is the best evidence of its contents.

63.     The allegation in Paragraph 63 characterizes CERCLA and EPCRA, which speak for themselves and are the best evidence of their contents.

64.     The allegation in Paragraph 64 characterizes EPCRA, which speaks for itself and is the best evidence of its contents.

65.     The allegations in Paragraph 65 quote and characterize EPCRA, which speaks for itself and is the best evidence of its contents.

66.     The allegations in Paragraph 66 characterize EPCRA and Occupational Safety and Health Administration (OSHA) regulations, which speaks for themselves and are the best evidence of their contents.

67.     The allegations in Paragraph 67 characterize OSHA regulations, which speak for themselves and are the best evidence of their contents.

68.     The allegations in Paragraph 68 characterize EPCRA, which speaks for itself and is the best evidence of its contents.

69.     The allegations in Paragraph 69 characterize EPCRA, which speaks for itself and is the best evidence of its contents.

## II.     The Administrative Procedure Act

70.     The allegations in Paragraph 70 characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents.

71.     The allegation in Paragraph 71 quotes and characterizes the APA, which speaks for itself and is the best evidence of its contents.

72.     The allegations in Paragraph 72 state a legal conclusion to which no response is required.

73.     The allegations in Paragraph 73 quote and characterize the APA, which speaks for itself and is the best evidence of its contents.

74.     The allegations in Paragraph 74 quote and characterize the APA, which speaks for itself and is the best evidence of its contents.

75.     The allegation in Paragraph 75 quotes and characterizes the APA, which speaks for itself and is the best evidence of its contents.

76.     The allegation in Paragraph 76 quotes and characterizes the APA, which speaks for itself and is the best evidence of its contents.

## PROCEDURAL HISTORY:
## EPA'S NON-COMPLIANCE WITH EPCRA AND CERCLA

77.     The allegation in Paragraph 77 characterizes congressional testimony identified therein, which speaks for itself and is the best evidence of its contents.

78.     The allegation in Paragraph 78 characterizes a consent agreement identified therein, which speaks for itself and is the best evidence of its contents.

79.    The allegation in Paragraph 79 characterizes the proposed CERCLA/EPCRA rule identified therein, which speaks for itself and is the best evidence of its contents.

80.    The allegations in Paragraph 80 characterize the 2008 CERCLA/EPCRA rule, which speaks for itself and is the best evidence of its contents.

81.    The allegations in Paragraph 81 characterize the decision captioned, *Waterkeeper Alliance v. EPA*, 853 F.3d 527 (D.C. Cir. 2017), as well as other filings in that case, which speak for themselves and are the best evidence of their contents.

82.    The allegations in Paragraph 82 quote and characterize three guidance documents: a guidance document entitled "EPA, CERCLA and EPCRA Reporting Requirements for Air Releases of Hazardous Substances from Animal Waste at Farms;" the Routine Agricultural Operations guidance; and the FARM Act guidance. These guidance documents speak for themselves and are the best evidence of their contents.

83.    EPA lacks sufficient information to admit or deny the allegations in Paragraph 83.

84.    The allegations in Paragraph 84 quote and characterize the FARM Act, which speaks for itself and is the best evidence of its contents.

85.    The allegations in Paragraph 85 characterize the FARM Act, which speaks for itself and is the best evidence of its contents.

86.    The allegations in Paragraph 86 quote and characterize two guidance documents: the Routine Agricultural Operations guidance and the FARM Act guidance. These guidance documents speak for themselves and are the best evidence of their contents.

87.    The allegations in Paragraph 87 characterize two guidance documents, the Routine Agricultural Operations guidance, and the FARM Act guidance. These guidance documents speak for themselves and are the best evidence of their contents.

88.    The allegations in Paragraph 88 state legal conclusions to which no response is required.

89.    The allegations in Paragraph 89 characterize an entry in the Congressional record identified therein, which speaks for itself and is the best evidence of its contents.

90.    The allegations in Paragraph 90 characterize a letter identified therein, which speaks for itself and is the best evidence of its contents.

91.    The allegations in Paragraph 91 characterize an EPA regulation identified therein, which speaks for itself and is the best evidence of its contents.

92.    The allegations in Paragraph 92 characterize two guidance documents: the Routine Agricultural Operations guidance and the FARM Act guidance. These guidance documents speak for themselves and are the best evidence of their contents.

**FIRST CLAIM FOR RELIEF**

**Violation of the APA: Failure to Comply with Mandatory Rulemaking Procedures**

93.    EPA incorporates its responses to Paragraphs 1-92 as if fully set forth herein.

94.    The allegations in Paragraph 94 state a legal conclusion to which no response is required.

95.    EPA admits that the allegation in Paragraph 95 that a proposed rule addressing emissions from farms under EPCRA had not been published by the date Plaintiffs

filed their complaint. A proposed rule entitled "Amendment to Emergency Release Notification Regulations on Reporting Exemption for Air Emissions from Animal Waste at Farms; Emergency Planning and Community Right to Know Act" was signed on October 30, 2018, and published in the Federal Register on November 14, 2018.

96. The allegations in Paragraph 96 characterize the information contained in two guidance documents, the Routine Agricultural Operations guidance, and the FARM Act guidance. These guidance documents speak for themselves and are the best evidence of their contents.

97. The allegations in Paragraph 97 refer to two guidance documents, the Routine Agricultural Operations guidance, and the FARM Act guidance. EPA admits that it has not published any comments received in response to either guidance document.

98. The allegations in Paragraph 98 refer to two guidance documents, the Routine Agricultural Operations guidance, and the FARM Act guidance. EPA admits that it has not published a response to comments it received on either guidance document.

99. EPA admits the allegation in Paragraph 99 that it has not yet published a final rule under EPCRA addressing emissions from farms. A proposed rule entitled "Amendment to Emergency Release Notification Regulations on Reporting Exemption for Air Emissions from Animal Waste at Farms; Emergency Planning and Community Right to Know Act" was signed on October 30, 2018, and published in the Federal Register on November 14, 2018.

100.    The allegations in Paragraph 100 refer to two guidance documents, the Routine

        Agricultural Operations guidance, and the FARM Act guidance. EPA admits that

        these guidance documents were not issued as final rules.

101.    The allegations in Paragraph 101 state a legal conclusion to which no response is

        required.

102.    The allegations in Paragraph 102 state a legal conclusion to which no response is

        required.

103.    The allegations in Paragraph 103 characterize the information contained in two

        guidance documents, the Routine Agricultural Operations guidance, and the

        FARM Act guidance. These guidance documents speak for themselves and are the

        best evidence of their contents.

104.    The allegations in Paragraph 104 state a legal conclusion to which no response is

        required.

105.    The allegations in Paragraph 105 state a legal conclusion to which no response is

        required.

106.    The allegations in Paragraph 106 state a legal conclusion to which no response is

        required.

107.    The allegations in Paragraph 107 state a legal conclusion to which no response is

        required.

## SECOND CLAIM FOR RELIEF

### Violation of APA and EPCRA: Agency Action Outside Statutory Authority

108.    EPA incorporates its responses to Paragraphs 1-107 as if fully set forth herein.

109. The allegations in Paragraph 109 characterize *Waterkeeper Alliance v. EPA*, 853 F.3d 527 (D.C. Cir. 2017), and EPCRA, which speaks for themselves and are the best evidence of their contents.

110. EPA denies the allegation in Paragraph 110.

111. The allegations in Paragraph 111 state a legal conclusion to which no response is required.

112. The allegation in Paragraph 112 state a legal conclusion to which no response is required.

113. The allegations in Paragraph 113 state a legal conclusion to which no response is required.

## THIRD CLAIM FOR RELIEF

### Violation of APA and EPCRA: Arbitrary and Capricious Agency Action

114. EPA incorporates its responses to Paragraphs 1-113 as if fully set forth herein.

115. The allegation in Paragraph 115 characterizes EPCRA, which speaks for itself and is the best evidence of its contents.

116. EPA denies the allegation in Paragraph 116.

117. The allegations in Paragraph 117 state a legal conclusion to which no response is required.

118. EPA denies the allegations in Paragraph 118.

119. The allegations in Paragraph 119 are vague and ambiguous, and EPA lacks sufficient information to admit or deny them.

120. The allegations in Paragraph 120 are vague and ambiguous, and EPA lacks sufficient information to admit or deny them.

121.    EPA denies the allegations in Paragraph 121.

122.    EPA denies the allegation in Paragraph 122.

123.    The allegations in Paragraph 123 state a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

124.    EPA denies the allegations in Paragraph 124 which state the Plaintiffs' prayer for relief.

## GENERAL DENIAL

To the extent that any allegation is not specifically addressed in the preceding paragraphs, EPA denies that allegation.

## AFFIRMATIVE AND OTHER DEFENSES

EPA may have defenses which are not known at this time but which may become known as Plaintiffs clarify their claims. Accordingly, EPA reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available under Federal Rules of Civil Procedure 8 or 12, once the precise nature of the claims or events is ascertained in the future.

Dated: December 17, 2018

Respectfully submitted,

/s/ Meghan E. Greenfield
Meghan E. Greenfield
Erica Zilioli
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 514-2795
Facsimile: (202) 514-8865
Meghan.Greenfield@usdoj.gov

*Counsel for EPA*