# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RURAL EMPOWERMENT ASSOCIATION
FOR COMMUNITY HELP, et al.,

              Plaintiffs,

      v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY, et al.,

              Defendants.

Case No. 1:18-cv-02260

## EPA'S REPLY IN SUPPORT OF THE MOTION TO STAY

This Court should grant EPA's motion for a six-month stay of this case pending EPA's finalization of the proposed EPCRA rule. A stay would conserve the Court's and the parties' resources. Plaintiffs' claims in this case will be narrowed considerably—and more likely extinguished entirely—if EPA finalizes the proposed ECPRA rule in the coming months. There is no reasonable likelihood that EPA will re-issue the FARM Act guidance if the EPCRA rule is finalized. And, because EPA is no longer advancing the rationale set forth in the routine agricultural operations guidance, there is no controversy as to Plaintiffs' claims about that document either. For the same reason, there is no harm from the proposed stay. Contrary to Plantiffs' assertions, their claims will likely become moot before this Court could resolve the motions for summary judgment.

There is also no efficiency in considering Plaintiffs' claims regarding the FARM Act guidance now. If the EPCRA rule is promulgated, and Plaintiffs challenge it, that rule will be evaluated on a full record, including public comments and the agency's response to those comments. Such a challenge would be markedly different from the current challenge to the

FARM Act guidance, which would be based on a different administrative record. Plaintiffs

ignore entirely the distinctions between challenges to rules and challenges to guidance

documents in urging the Court to deny EPA's motion and require full briefing now.

## ARGUMENT

### A. THIS ENTIRE CASE WILL LIKELY BE MOOT IF EPA FINALIZES THE PROPOSED EPCRA RULE IN THE COMING MONTHS, AND SO A BRIEF STAY WOULD CONSERVE RESOURCES.

This case should be stayed for six months because the proposed EPCRA rule, if finalized,

would likely moot entirely Plaintiffs' claims here. (ECF No. 14, Mot. at 5-6.) The Court has

discretion to stay a case "pending resolution of independent proceedings which bear upon the

case" where it is both efficient and fair to do so. *Leyva v. Certified Grocers of Cal., Ltd.*, 593

F.2d 857, 863-64 (9th Cir. 1979) (internal citations omitted). Here, a stay is efficient because, at

a minimum, finalization of the proposed EPCRA rule would moot Plaintiffs' claims that EPA

violated the procedural requirements of the Administrative Procedure Act in issuing the

guidance. (Mot. at 5-6.) And a stay is fair, because both of the challenged guidance documents

have been taken down from EPA's website, and the requested stay is reasonable. (Mot. at 3.)

As an initial matter, Plaintiffs mischaracterize EPA's motion to stay. EPA did not, as

Plaintiffs claim, assert that the "pendency of a related rulemaking" makes the challenged

guidance documents unreviewable now. (ECF No. 15, Resp. at 5, 6 (arguing that "the Proposed

Rule does not affect Plaintiffs' substantive challenge"), 11 (arguing at length that proposal alone

does not impact justiciability).) Rather, EPA argued that it would be most efficient to stay the

case for a brief period because "the proposed EPCRA rule, if finalized, *would* moot entirely the

claims pending here." (Mot. at 6 (emphasis added).) Finalization of the EPCRA rule would

eliminate any controversy as to that guidance document because the Court does not have

"license" to "rule on the legality of an agency policy that no longer exists." *Worth v. Jackso*n, 451 F.3d 854, 861 (D.C. Cir. 2006).

Next, Plaintiffs are wrong that jurisdiction would remain over challenges to these guidance documents on the theory that EPA's issuance of guidance documents on the general topic of emissions from farms is "capable of repetition while evading review." (Resp. at 12-13.) It is true that if a dispute is capable of repetition yet evading review, a court may proceed to the merits, despite the absence of an ongoing controversy. *Meyer v. Grant*, 486 U.S. 414, 417 n.2 (1988). But, this is a narrow exception. It applies where a specific agency action is of short duration (generally less than two years), because that time period is not sufficient to fully litigate a case through appeal. *See Pub. Utils. Comm'n v. FERC*, 236 F.3d 708 (D.C. Cir. 2001). Even for short-duration actions, moreover, the exception does not apply and mootness still exists if the agency "can show that the 'allegedly wrongful behavior could not reasonably be expected to recur.'" *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

Here, the issuance of the FARM Act guidance is not reasonably likely to recur if the EPCRA proposed rule is finalized. There would simply be no reason for EPA to re-issue that guidance because EPA's interpretation of the FARM Act would be set forth in the final rule. Any new guidance would be duplicative and unnecessary. In addition, Plaintiffs could plainly obtain review of a final EPCRA rule at that juncture. There is thus no concern that EPA's interpretation of the FARM Act would "evade review."

For similar reasons, Plaintiffs' challenge to the routine agricultural operations guidance will also likely be moot if the proposed EPCRA rule is finalized. EPA has taken down this guidance from the website and is no longer advancing the rationale described in it. (Mot. at 3.)

To the extent Plaintiffs believe this is insufficient to moot their challenge, that issue is best addressed once a final EPCRA rule is promulgated. There is no need to require full briefing on the question now before EPA completes the EPCRA rulemaking process.

Indeed, Plaintiffs do not argue that they will be unable to challenge the final EPCRA rule, and so there is no harm from a stay.[1] Further, Plaintiffs acknowledge that EPA will likely finalize the EPCRA rule *before* briefing on the cross-motions for summary judgment is complete. (Resp. at 12.) Because it is very unlikely that the Court could resolve the motions for summary judgment before Plaintiffs' claims become moot, there is little harm to Plaintiffs from the requested stay.

## B. ANY CHALLENGE TO THE FINAL EPCRA RULE WOULD BE FUNDAMENTALLY DIFFERENT FROM PLAINTIFFS' CHALLENGE TO THE FARM ACT GUIDANCE.

Requiring briefing on the reviewability or the validity of the FARM Act guidance at this juncture would unnecessarily consume both the Court's and the parties' resources. The FARM Act guidance sets forth EPA's interpretation of EPCRA's reporting requirements in light of the FARM Act. (Mot. at 3-4.) Specifically, it explains that air emissions from animal waste at farms need not be reported under EPCRA because, among other things, these releases do not "occur[]" in a manner" that would require notification under CERCLA. The EPCRA proposed rule

---

[1] Instead, they merely restate their general dissatisfaction with EPA's issuance of guidance documents on EPCRA's reporting requirements—what Plaintiffs refer to as EPA's "relentless effort to exempt CAFOs." (Resp. at 8; *id.* at 10 (asserting that EPA acted unlawfully by "adding and deleting rationales" from its website regarding CAFO reporting requirements).) But, Plaintiffs may challenge only a concrete, identifiable "action" by the agency. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 899 (1990); *Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 595 (D.C. Cir. 2001). In other words, Plaintiffs' challenge is limited to those guidance documents it identifies as unlawful in its complaint—not any "effort" more generally. *Fund for Animals, Inc. v. Bureau of Land Management*, 460 F.3d 13, 18 (D.C. Cir. 2006) ("federal courts are not authorized to review agency policy choices in the abstract").

proposes that EPA codify this interpretation, and invites public comment. 83 Fed. Reg. 56,791 (Nov. 14, 2018). While it is true that both the FARM Act guidance and the EPCRA proposed rule set forth the same interpretation of EPCRA, this does not mean that the Court would apply the same legal analysis to both.

Plaintiffs maintain that issuance of the guidance document did not comply with the APA. EPA disagrees. But, even if this Court were to agree with Plaintiffs, then the proper remedy would be for the Court to remand the document to the agency without passing on the merits of EPA's interpretation of EPCRA. *See Cty. of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999) (citation omitted) ("when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action").[2]

Finally, even if the Court were to reach the merits of EPA's interpretation of EPCRA as set forth in the guidance—which it should not do—judicial review of the final rule would necessarily differ from review of the guidance. *First*, review of the final rule would be based on the record for that rule, including the thousands of public comments that EPA has received and the agency's response to those comments. 5 U.S.C. § 706. Immediate review of the guidance, by contrast, would be based solely on the record for that guidance. *Second*, different legal principles will govern review of the final rule. Most significantly, to the extent that EPCRA is ambiguous, EPA's interpretation of the Act in a final rule properly receives deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). By contrast,

---

[2] Plaintiffs assert that the proper remedy for a procedural violation is vacatur of the challenged action. (Resp. at 9-10.) While that may be true in some cases, here there is nothing to vacate, because the challenged guidance documents are no longer publicly available on EPA's website. And, Plaintiffs ignore the more fundamental point that a court should not address the merits of an agency interpretation where it concludes the action was procedurally improper.

5

tnterpretations articulated in guidance may not receive the same level of deference. There is thus no efficiency in requiring summary judgment briefing now.

## CONCLUSION

For the reasons stated above, this Court should stay this litigation for a period of six months.

Dated: December 20, 2018                    Respectfully submitted,

                                            /s/ Meghan E. Greenfield
                                            Meghan E. Greenfield
                                            Erica Zilioli
                                            U.S. Department of Justice
                                            Environment & Natural Resources Division
                                            Environmental Defense Section
                                            P.O. Box 7611
                                            Washington, D.C. 20044
                                            Telephone: (202) 514-2795
                                            Facsimile: (202) 514-8865
                                            Meghan.Greenfield@usdoj.gov

                                            *Counsel for EPA*