UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, et al., *Plaintiffs*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., *Defendants*, and NATIONAL CATTLEMEN'S BEEF ASSOCIATION, et al., *Intervenor-Defendants* | Civil Action No. 18-2260 (TJK) |

## MEMORANDUM ORDER

Plaintiffs, a series of nonprofits that combat pollution from animal production facilities to protect human health, the environment, and animal welfare, challenge a rule and related guidance issued by the Environmental Protection Agency. The rule and guidance exempt large industrial farm operations from reporting requirements under EPCRA, the Emergency Planning and Community Right-to-Know Act. EPCRA establishes a regime for reporting releases of hazardous substances to local communities, including first responders. Defendants moved to dismiss Plaintiffs' Amended Complaint in part, and the Court granted in part and denied in part that motion. Four claims remain. Plaintiffs allege that the reporting rule violates EPCRA, is arbitrary and capricious, and violated the procedural requirements of another statute, and that the related guidance contravenes EPCRA. In August 2021, the National Cattlemen's Beef Association, National Pork

Producers Council, American Farm Bureau Federation, and U.S. Poultry & Egg Association intervened in support of Defendants. After the Court ordered the parties to submit a joint schedule for briefing, Defendants moved to both voluntarily remand the case and to dismiss it. Intervenors do not oppose, but Plaintiffs do. For the reasons explained below, the Court will grant Defendants' request for voluntary remand but deny their request for dismissal.

I.  **Legal Standard**

Courts "have broad discretion to grant or deny an agency's motion to remand." *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018). Usually, courts "grant an agency's motion to remand so long as the agency intends to take further action with respect to the original agency decision on review." *Id.* (cleaned up). "Voluntary remand is typically appropriate (i) when new evidence becomes available after an agency's original decision was rendered, or (ii) where intervening events outside of the agency's control may affect the validity of an agency's actions." *FBME Bank Ltd. v Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) (cleaned up). "An agency may also 'request a remand (without confessing error) in order to reconsider its previous position.'" *Clark v. Perdue*, No. 19-cv-394 (JEB), 2019 WL 2476614, at *2 (D.D.C. June 13, 2019) (quoting *Util. Solid Waste*, 901 F.3d at 436). In reviewing such motions, courts should consider "whether remand would unduly prejudice the non-moving party" and "if the agency's request appears to be frivolous or made in bad faith." *Id.* (cleaned up).

II. **Analysis**

The Court finds that Defendants' reason for requesting voluntary remand is not frivolous, nor is it made in bad faith; in fact, it appears legitimate and reasonable. And any prejudice that may accrue to Plaintiffs is not undue. For these reasons, voluntary remand is appropriate, but the Court will decline to dismiss the case.

Defendants seek voluntary remand for a straightforward and entirely legitimate reason: to revisit the reporting rule given Executive Order ("EO") 13990 signed by President Biden. That EO outlines the policies of the Biden administration, which include "to improve public health and protect our environment; to ensure access to clean air and water; . . . to hold polluters accountable, including those who disproportionately harm communities of color and low-income communities; [and] to reduce greenhouse gas emissions." 86 Fed. Reg. 7,037 (Jan. 25, 2021). The EO then directs federal agencies "to immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the last 4 years that conflict with these important national objectives, and to immediately commence work to confront the climate crisis." *Id.* In accordance with that directive, the Environmental Protection Agency ("EPA") began reviewing the reporting rule. In fact, in August 2021, EPA met with Plaintiffs to discuss their concerns, including their concern about "EPA's legal interpretation in support of the Rule." ECF No. 58-1 ¶ 8. After review was complete in November 2021, EPA concluded that it "should conduct a rulemaking to revise or rescind the Rule," and moved for remand. *Id.* ¶ 9.

True, as Plaintiffs point out, Defendants have not confessed error or admitted that the rule is improper. But an agency need not "confess error or impropriety in order to obtain a voluntary remand." *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017). An agency only needs to "profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge," *id.*, which is exactly what Defendants have done. They have committed to "revisit[ing]" EPA's "interpretation of the governing statute, the procedures it followed in reaching its decision, [and] the decision's relationship to other agency policies." ECF No. 58 at 12–13. And more than that, EPA has concluded that it "should . . . revise or rescind the

Rule." ECF No. 58-1 ¶ 9. All this appropriately reflects the Supreme Court's admonition that agencies "must consider varying interpretations and the wisdom of [their] polic[ies] on a continuing basis, for example, in response to changed factual circumstances, or *a change in administrations*." *See Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (emphasis added) (citation omitted).

Defendants' reconsideration may moot Plaintiffs' claims, providing their requested relief and saving the parties' and the Court's resources. EPA could rescind the rule. Or it could revise the rule in a way that tracks Plaintiffs' reading of the governing statute, is not arbitrary or capricious, and follows the procedural requirements of other relevant statutes. Plaintiffs respond that "EPA has undermined the protections and purpose of EPCRA for over a decade, depriving Plaintiffs and their members of vital information to which they are lawfully entitled, and nothing suggests that it will do otherwise should this Court remand the Rule without vacatur." ECF No. 59-1 at 51. But Plaintiffs' only evidence on the latter point is what EPA did in a different case years ago, when it "sat on its hands for four years until, upon a motion by the plaintiffs, the court recalled the mandate." *Id.* at 50–51. That says little about what is likely to happen here, where EPA has pledged, in response to an Executive Order and after meeting with Plaintiffs, to either "revise or rescind the Rule." ECF No. 58 at 10–11.

All that said, voluntary remand is not cost-free. Defendants seek remand so that they can conduct notice-and-comment rulemaking to revise or rescind the rule. And notice-and-comment rulemaking takes time. Meanwhile, remand at this stage—before summary judgment briefing is complete—would result in the rule remaining in effect while rulemaking takes place.[1] And all the

---

[1] When Plaintiffs opposed Defendants' motion for voluntary remand, they also cross-moved for summary judgment. *See* ECF No. 59. The Court granted Defendants' motion to stay briefing on

4

while, Plaintiffs say they continue to lack the information they seek to "enhance their advocacy for stronger public health protections, to hold livestock facility operators accountable for hazardous emissions, and to make informed decisions about their health and the health of their communities." ECF No. 59-1 at 51. Still, the Court finds that voluntary remand would not *unduly* prejudice Plaintiffs. For one thing, a motion for summary judgment would not likely be decided any time soon. For another, during this time, Plaintiffs presumably will not be sitting idly—they will be able to shape EPA's rulemaking by commenting on a proposed rule and perhaps by meeting again with EPA. Finally, the Court will monitor whether EPA's rulemaking proceeds apace by continuing to exercise jurisdiction following remand.

### III. Conclusion and Order

For all the above reasons, the Court hereby **ORDERS** that Defendants' Motion, ECF No. 58, is **GRANTED IN PART AND DENIED IN PART**. It is further **ORDERED** that the case is **REMANDED** to the Environmental Protection Agency. The Court shall retain jurisdiction, and Defendants shall provide the Court reports of the status of its rulemaking every 90 days from the date of this Order.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 14, 2022

---

Plaintiffs' cross-motion for summary judgment pending resolution of Defendants' motion for voluntary remand. *See* January 10, 2022 Minute Order.